File 9/6/2025

# UNITED STATES COURT OF APPEALS
## for the District of Columbia Circuit

_____

Arlo Garrison Bante,  )
               Appellant  )
   )
v.  )
   )
Lonnie G. Bunch III, Secretary, Smithsonian Institute,  )
               Appellee  )
   )

_____  )       USCA Case #25-5131

### **Opposition Motion**:

Acknowledge, Appellant, Arlo Garrison Bante, respectfully submits this petition urging the Court to deny the appellee, Lonnie G. Bunch, Secretary of the Smithsonian Institution's, motion to dismiss over the district court's interlocutory order. This collateral order fall within the narrow exceptions of decisions that finally determine claims of right that are separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the underlying cause to warrant deferring appellate consideration until the entire case is adjudicated. This appeal extends beyond a mere litigate but involves an alleged scheme of fraud upon the court aimed at undermining the judicial machinery responsible for impartial adjudication. Such fraud is not simply between the parties but involves officers of the court who seek to subvert the integrity of the judiciary itself, thereby directly harming public confidence in the court. According to the evidence, the appellee and undersigned counsel knowingly submitted fraudulent evidence with the intent to induce the court to issue an unlawful order. Officers of the Court have failed their subsidized duty to protected the Public Civil Rights guaranteed under the Fifth Amendment of the Constitution and in doing so promoted fraud upon the court under Federal Rule of Civil Procedure 60(b).

I.   Background:

     1. On January 4, 2023, at the conclusion of the Smithsonian's EEO investigation, the defendant provided Mr. Bante with a incomplete Report of Investigation (ROI) and notice to request either a hearing before an EEOC Administrative Judge or a final decision from the agency based on

the merits of the complaint according to 29 C.F.R § 1614.110 (b). (See Exhibit 1) Mr. Bante elected for a hearing with an EEOC Administrative Judge. The defendant appointed Smithsonian's assistant general counsel Mia Haessly to represent him during the EEOC administrative hearing process. On March 10, 2023, Mia Haessly submitted a motion to dismiss to the Administrative Judge arguing that Mr. Bante's complaint warranted dismiss for not contracting the Smithsonian EEO counselor within the 45 days window required under 29 C.F.R § 1614.105 (a)(1) intentionally using the incorrect date of July 22, 2022 provided by the defendants EEO counselor in the EEO Counselor Report. (See Exhibit 2 & 3 ) However, this date contradicted with the Smithsonian partial accepted notice that stated initial contact occurred on July 13, 2022. (See Exhibit 5)

2. On April 25, 2023, the Administrative Judge issued a proposed dismissal for failing to meet the time required according to 29 C.F.R § 1614.105 (a)(1). (See Exhibit 5) The motion afforded both parties procedural due process by allowing them to submit arguments and evidence in support of their positions. On May 2, 2022, Mr. Bante submitted email evidence to the Administrative Judge and opposing counselor Mia Haessly proving that initial contact was made on July 13, 2023 which satisfied the time required according to 29 C.F.R § 1614.105 (a)(1). On May 10, 2022, instead of defending her position, Mia Haessly amended her argument stating, "Nevertheless, even assuming this phone call satisfies the requirements of counselor contact, such contact is still untimely as July 13, 2022 is 50 days after the last alleged discriminatory event, which occurred on May 24, 2022." According to 29 C.F.R § 1614.105 (a)(1), In the case of personnel action (termination), an aggrieved person must initiate contact with a Counselor within 45 days of the effective date of the action.

3. It's important to note that according to Mia Haessly argument Mr. Bante complaint was untimely because minus 45 days from July 13, 2022 was May 29, 2022 and all of Mr. Bante claim occurred on May 24, 2024. However on July 3, 2023, the Administrative Judge issued his order that rescinded the proposed dismiss that rejected Mia Haessly amended argument emphasizing to the defendant that Mr. Bante complaint was timely because according to the defendant only argument the effective date of his termination fell within the time requirement of 29 C.F.R § 1614.105 (a)(1). (See Exhibit 6) Mia Haessly failed to comprehend that this argument was rejected and had the Assistant

US Attorney Kaitlin Echrote resubmit the same argument in the defendant motion to dismiss under Federal Rules of Civil Procedure 12(b)(6) as the means to appeal.

4. On September 7, 2023, the initial conference was held between the Administrative Judge Wright, Smithsonian's General Counsel Mia Haessly and myself. During this meeting, Mr. Bante questioned the Mia Haessly about submitting fraudulent information to the court, amending her argument to dismiss and secretly uploading email evidence into the EEOC Public Portal of the defendant intentionally committing payroll fraud, compensation discrimination and retaliation for engaging in protected activity. On February 22, 2023, email evidence was uploaded into the EEOC public portal concealed in a duplicate copy of the Report of Investigation that showed that after Mr. Bante was termination and escort off Smithsonian property, the defendant management, non timekeepers, were able to access Mr. Bante's password protected electronic timecard and deleted overtime hours and allocated charge of being AWOL by the same managers who made the accusations and sign Mr. Bante termination paperwork. Mr. Bante requested that if the defendant was still without evidence that it needed to be provided. The Administrative Judge agree and warned Mia Haessly of sanction if not done. On September 13, 2023, Mia Haessly uploaded 26 pages of emails not included in the Report of Investigation in violated of the 180 days of filing of the formal complaint in accordance with 29 C.F.R § 1614.108 (f). The defendant should not be able to benefit from this withheld evidence under the unclean hands doctrine and each of Mr. Bante claims made timely under equitable tolling. (See Exhibit 7)

5. On September 26, 2023, the Administrative Judge issued summary judgement under 29 C.F.R § 1614.109 (g)(3) that reaffirmed his order that rescinded the proposed dismiss basic on the merits. (See Exhibit 8) This summary judgment order stated to the defendant, Lonnie Bunch and Smithsonian General Counsel, Mia Haessly that, "As Complainant made initial EEO contact with the Agency on July 13, 2022, all parts of claim #7 is the only timely initiated discrete claim. Complainant other claims are accepted only as part of his hostile work environment claim." The Administrative Judge warned the defendant and Mia Haessly that "Failure to adhere to this Order may be grounds for sanctions, including adverse inferences against the Agency." This case will show that the

defendant, Lonnie Bunch and Mia Haessly could careless about the judicial system, as the very next motion to dismiss submitted on May 10, 2024 had the Assistant US attorney Kaitlin Echrote resubmitting Mia Haessly dismissed argument, "Plaintiff's discrete discrimination and retaliation claims in connection with any events prior to May 29, 2022, were not administratively exhausted because he failed to timely raise those claims with an EEO counselor."

6. A judgment or decision on the merits refers to a decision rendered by the court rests upon the law after considering the evidence and legal arguments, determining which party is in the right. Bell Grocery Co. v. Booth, 250 Ky. 21, 61 S.W.2d 879; State ex rel. National Lead Co. v. Smith, Mo.App., 134 S.W.2d 1061, 1068. A decision made on the merits is considered final and is thus bound by res judicata, which prevents the parties involved from raising the same claims in the subsequent case. If a judgment is entered before the non-moving party has an opportunity to present evidence, this decision is typically based on procedural error or technicality rather than on the merits of the case.

7. On October 5, 2022 Mr. Bante requested his right to sue letter that the EEOC refers to as, "Order dismissing hearing request" for federal employees after 180 days has passed since Mr. Bante filed his formal complaint in accordance with 29 C.F.R § 1614.107 (a)(3). (See Exhibit 9 ) On December 8, 2023, under the direct supervision of the defendant, Lonnie Bunch, 29 C.F.R § 1614.102 (b)(4), EEO director, Aretha Carr issued Mr. Bante and Mia Haessly the "Smithsonian's Final Agency Action" which was not made public record or submitted to the EEOC. (See Exhibit 10 )The defendant issued the final agency action pursuant to 29 C.F.R § 1614.110 (a), which states that the administrative judge has issued summary judgement under 29 C.F.R § 1614.109 (g), and issuing a final order shall notify the complainant whether or not the agency will fully implement the decision of the administrative judge. Furthermore, Pursuant to your request for a hearing before an EEOC Administrative Judge a decision on the complaint was issued by AJ Zachary Wright on October 6, 2023, without a hearing, pursuant to 29 C.F.R § 1614.109 (g), summary judgement. Additionally, the defendant states, "You are advised that the Smithsonian Institution adopts and fully implements the Administrative Judge's decision in your complaint." However, according to the document, the

defendant states, "The Administrative Judge did not make a decision on the merits of the complaint and the hearing request was dismissed at Complainant request" The Final Agency Action contradicts itself because its impossible to submit summary judgement under 29 C.F.R § 1614.109 (g) without making a decision on the merits of the complaint.

9. In recent weeks, it discovery that Mr. Bante case was not random assigned to Judge Mehta but was relatedly assigned while he was presiding over a similar case involving the same defendant, Lonnie Bunch, a Native American employee with a disability with common set of facts and subject matter as Mr. Bante's complaint.   According to the Local Rules for the District of Columbia, cases are assigned to judge in two matters randomly or related cases. The difference between these two methods is related cases are assigned to the same district court judge to conserve judicial resources and avoid duplicative efforts. The purpose of random assigning judges is to prevent improper, "Judge-Shopping," in order to receive preferential treatment. However, the local rules can't prevent Judge Shopping because it counts on the attorney who is doing the judge shopping, the clerk who is assigning the case to the judge, and the judge to notify the opposing party by submitting a related case form. If this is not done nobody is the wiser. Judge Shopping is done under Local Rule 40.5(b)(3), whenever an attorney for a party in a civil action becomes aware of the existence of a related case or cases, the attorney shall immediately notify, in writing, the judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties. Upon receiving information from any source concerning a relationship between pending cases, the Clerk shall transmit that information in writing to the judge on whose calendars the cases appear and to all parties to the proceeding. Absolutely no notice was provided to Mr. Bante from the opposing party attorney, the District Court Clerk or Judge Mehta. The purpose of assigned Mr. Bante case to Judge Mehta was that he was known to automatically grant a Protected Order that sealed court records that would protected the defendant and Assistant US attorney after committing fraud upon the court.

10. On May 10, 2024, Kaitlin Echrote's initial motion to dismiss contained no reference to the Smithsonian Final Agency Action nor the EEOC administrative judge not making a decision on the

merits of the complaint. Intending to submit the "Final Agency Action" into evidence in her final pleading to dismiss, Kaitlin Echrote concealed instruction to Judge Mehta not to covert her motion to dismiss into one for summary judgement. According to Kaitlin Echrote, "The Court may also consider documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss." Ward v. D.C. Dep't of Youth Rehab. Servs., 768 F. Supp. 2d 117, 119 n.2 (D.D.C. 2011). Further, the Court may take judicial notice of a plaintiff's Equal Employment Opportunity ("EEO") charge and the agency's determination considering the 'charge of discrimination' and 'letter of determination' without converting the motion to one for summary judgment where the complaint "necessarily relies upon the fact of the charge and the letter in pleading that administrative proceedings were pursued before this action was begun." "'[W]here a document is referred to in the complaint or is central to the plaintiff's claims, such a document attached to the motion papers may be considered without converting the motion to one for summary judgment.'" Vanover v. Hantman, 77 F. Supp. 2d 91, 98 (D. D.C. 1999), aff'd, 38 F. App'x 4 (D.C. Cir. 2002). This is how to commit fraud upon the court using a trojan horse. The letter of determination was the Final Agency Action that included Mr. Bante's charge of discrimination claims that were needed when filing his complaint in district court, however what was contained in the final agency action was a fraudulent assertion that the Administrative Judge did not make a decision on the merits of the complaint. Denying to covert the motion to dismiss into summary judgement serviced two intentionally purpose, not having to make a showing that the Administrative Judge did not make a decision on the merit of the complaint and deny Mr. Bante procedure due process under the fifth amendment to challenge the fraud information.

11. According to Assistant US Attorney Kaitlin Echrote initial motion to dismiss under Federal Rules of Civil Procedures 12(b)(6) she is found recycling the Smithsonian's general Counsel, Mia Haessly dismissed EEOC argument stating, "Plaintiff's discrete discrimination and retaliation claims in connection with any events prior to May 29, 2022, were not administratively exhausted because he failed to timely raise those claims with an EEO counselor." (See Exhibit 11) This is the same argument Mia Haessly argument during the EEOC administrative hearing that the Administrative judge dismiss

on July 3, 2023. The defendant, Lonnie Bunch, EEO director, Aretha Carr, Mia Haessly along with Assistant US attorney had no intentions to adhere to the Administrative Judge Order after the final agency action stated, "You are advised that the Smithsonian institution adopts and fully implement the Administrative Judge decision in your complaint." In response, on July 10, 2024, Mr. Bante submitted his opposition motion that stated, "On July 3, 2023, Mr. Bante provided the AJ Wright with email evidence that showed initial contact occurred on July 13, 2022 and was made in a timely matter. The AJ dismiss the defendant motion to dismiss for untimeliness to contact the EEO counselor in 45 days." (See Exhibit 12 )

12. On August 7, 2024, the Assistant US Attorney Kaitlin Echrote submitting the final pleading to dismiss under Federal Rule 12(b)(6) on behalf of the defendant Lonnie Bunch. She attached the final agency action onto the final pleading as evidence without submitting a statement under oath from someone who can testify form personal knowledge that the document to its authentic. The final pleading focus on the fraudulent assertion make in the final agency action by stating, "The Administrative Judge issued an order dismissing Plaintiff's hearing request, and Defendant sent Plaintiff a Notice of Final Agency Action in which it explicitly notes that no "decision on the merits of the complaint" was made."  According to this statement, it's the defendant that made the fraudulent assertion not the Administrative Judge. The purpose of this statement was to sever and undermine the prior orders issued by the EEOC so that Kaitlin Echrote could recycle Mia Haessly dismissed argument in her final pleading, "Plaintiff's discrete discrimination and retaliation claims in connection with events prior to May 29, 2022, were not administratively exhausted. The defendant, Mia Haessly and Kaitlin Echrote submitted this fraudulent assertion knowing that the Judge Mehta could not access the EEOC administrative records due to privacy laws. However, this scheme relied on Judge Mehta to accept the fraudulent information and not convert the motion to dismiss into summary judgement because the defendant, Mia Haessly and Kaitlin Echrote had no way to show that there was no genuine dispute with the material facts because it was not true and deny Mr. Bante his civil right of procedure due process under the fifth amendment.

13. Judge Mehta, under Federal Rules of Civil Procedure 12(g)(2), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion. Under Federal Rules of Civil Procedure 12(d), if on a motion under Rule 12(b)(6), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion. Here the matter outside the pleading was the fraudulent assertion that the Administrative Judge did not make a decide on the merits of the complaint. Under Federal Rule 56(a), The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Under Federal Rule 56(c)(2), A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence. Federal Rule 56(c)(4), An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

14. On March 17, 2023, Judge Mehta issued his order, agreeing with the defendant and Assistant US attorney Kaitlin Echrote not to convert the motion into one for summary judgement while accepting evidence outside the pleading. Without any proof, authenticate or access to the EEOC records, Judge Mehta accepts and using the defendant's fraudulent assertion contained in the final agency action in the final pleading to support his dismissal by stating, "Plaintiff's invocation of equitable tolling and the "continuing violations" doctrine cannot save these untimely claims, Nor does the fact that Plaintiff's claims were investigated constitute a waiver of Defendant's right to assert a timeliness defense, when as here the agency did not reach a determination on the merits, see Def.'s Reply in Supp. of Def.'s Mot., ECF No. 17, Ex. 1, ECF No. 17-1, at 1 & n.1 (ECF pagination), (Plaintiff withdrew request for a hearing). Furthermore, the defendant, General Counsel Mia Haessly, EEO Director Aretha Carrs and Assistant US attorney Kaitlin Echrote conspired to set up the judicial system to issue an unlawfully order when promoting an argument that had be previous

dismissed. Judge Mehta disregards Mr. Bante opposition motion that stated that the Administrative Judge dismissed the defendant motion to dismiss for untimeliness contact with the EEO counselor. However Judge Mehta states that, "The court agrees that any discrete claim of discrimination or retaliation, under either Title VII or the Rehabilitation Act, is time-barred if based on an event occurring before May 29, 2022. As to such claims, more than 45 days passed before Plaintiff first consulted with an EEO counselor on July 13, 2022, as required by applicable regulation. 29 C.F.R. § 1614.105(a)(1). Both parties motion provided the effective date, but as a result of Judge Mehta inability to comprehend regulations 29 C.F.R. § 1614.105(a)(1) but Mr. Bante has to pay for Judge Mehta shortcoming. Furthermore, Judge Mehta is aware that each charge of  discrimination is based on event prior to May 29, 2023. Mr. Bante believe that this is the defendant and Assistant US attorney Kaitlin Echrote end game to have his remaining two claims dismissed as there are based on events occurred on May 24, 2022. According to Judge Mehta order he states, "As the court writes for the parties, it references the facts alleged only as needed to resolve the motion." Under Federal Rule 9(b), I believe that Judge Mehta was directly helping the defendant, it make no sense that at this point in his career that he unable to distinguish how a motion to dismiss covert into summary judgement and separating evidence from hearsay. I feel that the Assistant US Attorney Kaitlin Echrote and Judge Mehta intended to take advantage of my learning disabilities and pro se status in order to provide the defendant with a dismissal.

15. When testing the legal sufficiency of a hostile work environment claim under Federal Rule 12(b)(6), the court must determine whether the harassment was based on a protected class, did the employer know or should have known of the harassment and failed to take any action. If these elements are not met, the claim failure to state a claim upon which relent can be granted. Mr. Bante hostile work environment claims included physically threatening behavior  by managers one captured on audio recording and hostility due to national origin, disabilities, retaliation for engaging in protected activity, federal payroll fraud and compensation discrimination. Judge Mehta order only focus on the federal payroll fraud and compensation discrimination claims by stating, "Plaintiff complains about disparate opportunities to work overtime and unequal treatment as to unexcused

absences that are moreover, the "tactless and ill-mannered" but "isolated" mistreatment he received from his supervisors (defendant)." However, did Judge Mehta concluded that this was an isolated event, because Mr. Bante's complaint nor opposition motion stated that this was an isolated event. According to the Assistant US attorney motion to dismiss, she used 'isolated' 6 times but each were included in a case citing without providing supporting evidence. How was Judge Mehta able to determine that this was isolation event before the discovery phase. Here, Judge Mehta fabricated his own facts in order to have the claim dismissed, and by not covering the motion into summary Judgement Mr. Bante had no way to challenge that this was isolated event.

16. On January 31, 2025, Mr. Bante submitted a procedure due process motion to Judge Mehta to challenge the evidence being presented in the Assistant US Attorney Kaitlin Echrote final pleading to dismiss as a matter of law. Included in this motion, Mr. Bante informed Judge Mehta that he requested his payroll records from the defendant's assistant general counsel, Mia Haessly on January 14, 2024, the Smithsonian's Office of inspector general on July 29, 2024, and the Smithsonian human Resource department on January 5, 2025, each time getting denial because the Smithsonian was not subject to Freedom of information act or the Privacy act without providing the exemption. On January 14, 2025, Mr. Bante emailed the Assistant US attorney, Kaitlin Echrote requesting his payroll records due to support his case of compensation discrimination and allegation of federal payroll fraud. Mr. Bante has a right to his payroll records for unemployment insurance and taxes, however in response Kaitlin Echrote stating, ""As part of your case, all relevant documents will be provided during the discovery period." unlawfully seizing my employment payroll records. On January 16, 2025, Kaitlin Echrote emailed Mr. Bante stating that the Smithsonian no longer has access to my payroll records file and needed to request it from the national Archives. Most importantly, the court also held that the Federal Rule 16, duty to disclose includes an obligation to preserve vital evidence within the government's possession before prosecution begins. Myers v. US, 15 A. 3d 688 - DC: Court of Appeals 2011. Spoliation of evidence refers to the intentional destruction, alteration, or failure to preserve evidence that is relevant to ongoing or anticipated litigation. "A party having control over the evidence had an obligation to preserve it, when it was

destroyed or altered" to obtain a negative inference from spoliation Figueroa v. Tillerson, 289 F. Supp. 3d 212 - Dist. Court, Dist. of Columbia 2018. According to the Fair Labor Standard Action, 29 C.F.R § 516.5 (a), Each employer shall preserve for at least 3 years, Payroll records from the last date of entry, all payroll or other records containing the employee information and data required under any of the applicable sections of this part. Finally, in 2021, defendant, Lonnie Bunch agreed to settle a employment dispute with American Federation of Government Employees (AFGE) Local 2463 on behalf of the Smithsonian's bargaining unit employees for management failed to both designate and pay employee overtime in accordance with Fair Labor Standards Act. However, this practice continued when the defendant unlawfully access Mr. Bante payroll records after he was terminated and escort off the property by Smithsonian Security.

17. It was discovered while investigating the district court docket records, that on July 17, 2023, Judge Mehta was assigned to a complaint that involving a common set of facts as Mr. Bante complaint. This complaint involved the same defendant, Lonnie Bunch, a Native American employee with a disability, hostile work environment based, "loss of pay through unlawful AWOL assessments." While Judge Mehta was presiding over that case, he was presiding over that case, both case involve the unequal treatment as to unexcused absences of Native American employees that the Smithsonian, however Judge Mehta concludes that this was isolated event which benefited the defendant. According to Burlack v. Bunch, Case# 1:23-cv-02032, ECF 1, Civil complaint the plaintiff states to Judge Mehta that, "He has suffered numerous adverse actions, including loss of pay through unlawful AWOL assessments." Furthermore, the plaintiff's civil complaint stated, "Even though Plaintiff had been approved for FMLA leave, on October 28, 2021, Ms. Clark assessed Plaintiff two hundred thirty-three (233) hours of unpaid AWOL, resulting in Plaintiff being placed in leave without pay ("LWOP") status for those hours." In response, The defendant stated, "Ms. Clark notified Plaintiff that she was amending his timecards to reflect Absence Without Leave due to Plaintiff's failure to submit documentation covering his time out of the office due to illness from September 1, 2021 through September 24, 2021." However, the district court claims that Mr. Bante

case was random assigned to the same judge that have direct similarities that Judge Mehta refers to my claims as an isolated incident.

18. According to Mr. Bante case, the managers who were not Smithsonian's timekeepers had unlawfully accessed his payroll records were the same managers who were fabricated the charges of overtime abuse and the AWOL against Mr. Bante. The defendant intentionally waited until after Mr. Bante was terminated and escort off Smithsonian property to hack his password protected electronic payroll records to deleted paid time. Four day prior to this, Mr. Bante engaged in protected activity with the building manager, Conover Black to report the hostile work environment, discrimination, physical threats by supervisors, and co-workers    generating overtime code and applying them to their own payroll records. The defendant intentional failed to investigation this claims, however the Assistant US attorney Kaitlin Echrote included Mr. Bante protected activity into her motion to dismiss, by stating, "Plaintiff speaking to Mr. Black about "chain-of-command" issues and issues with overtime could in any way be construed as alleged retaliation for opposing violations of the Rehabilitation Act.

19. On April 17, 2025, Mr. Bante filed his appeal of Judge Mehta interlocutory order, and the Appellate court issue the district court an order to hold Mr. Bante case in abeyance pending the resolution of appellant's motion for leave to proceed on appeal which was availability in the docket sheet. On May 1, 2025, this order was violated by the Assistant US attorney Kaitlin Echrote when submitting the defendant answer to Mr. Bante complaint while the case was held in abeyance. This order again violated by the Judge Mehta, when issuing his initial conference order on May 1, 2025 prior to the district court transmitted the granted motion to leave. The purpose of submitting the answer and initial conference order was in order for the Judge Mehta to grant a protected order to the defendant in order to seal any document used during the proceeding.

20. On July 30, 2024, Judge Mehta was assigned to Olumide Adefemi vs. Ann Orr, acting director of the pension benefit Guaranty Corp, which is a U.S Government agency. On November 18, 2024, Judge Mehta issued his initial scheduling conference order, prior to the case being reassigned on November 27, 2024, to Judge Amir H. Ali. On December 27, 2024, the Assistant US

Attorney, Tabitha Bartholomew submitted the defendant discovery plan report as order by Judge Mehta according to Local Rule 16.3. In the defendant's discovery plan report under Local Rule 16.3(c)(10), its states, "the parties do not foresee any issues relating to claims of privilege or of protection as trial-preparation materials. If necessary, the parties may file a Joint Motion for a Privacy Act Protective Order for discovery purposes." However, this exploded the Rule because it does not states, Attorney-Client Privilege, but only privilege. Local Rule 16.3(c)(10) is governed by Federal Rule of Evidence 504 which defines 'attorney-client privilege" as the protection that applicable law provides for confidential attorney-client communications; and 'work-product protection" means the protection that applicable law provides for tangible material (or its intangible equivalent) prepared in anticipation of litigation or for trial. This means that material fact can be shielded from being disclosed to the opposing party in a lawsuit. Under Federal Rule of Evidence 502(e), An agreement on the effect of disclosure in a federal proceeding is binding only on the parties to the agreement, unless it is incorporated into a court order. According to the defendant discovery plan report under Local Rule 16.3(c)(10) it states, "the parties do not foresee any issues relating to claims of privilege or of protection as trial-preparation materials. If necessary, the parties may file a Joint Motion for a Privacy Act Protective Order for discovery purposes. On April 16, 2025, Assistant US attorney, Tabitha Bartholomew submit the defendant, "Stipulated protective order" stating, "ORDERED that, pursuant to the terms of this Protective Order, the United States is authorized to produce unclassified information otherwise protected by the Privacy Act (5 U.S.C. § 552a) without obtaining prior written consent of the individuals or entities to whom such records pertain provided that such information is reasonably related to this litigation. Furthermore, Subject to order of the Court, that portion of any pleading, motion, deposition transcript, or other document submitted or presented to or filed with the Court containing Protected Material must be placed under seal and will not be available to persons other than the Court and authorized employees of the Court, the attorneys of record for the parties to the cases identified herein, and persons authorized by this Protective Order. The defendant assertion attorney client privilege and work product protection extends to, "Any summary, extract, paraphrase, quotation, restatement, compilation, notes, exhibit (evidence), or copy containing Protected Material,

or any electronic image or database containing Protected Material, will be subject to the terms of this Order." Furthermore, "All materials produced by the parties and third parties in this case or any administrative proceeding that preceded it prior to the entry of this Protective Order and designated by the producing party or third-party as containing Protected Material will also be subject to the terms of this Protective Order." According to the protected order, The designation of Protected Material may be made by the producing party or third- party by placing or affixing prominently on produced documents the words "PROTECTED" or "CONFIDENTIAL," indicating the proprietary, sensitive, or confidential nature of the documents. However the Assistant US Attorney, Tabitha Bartholomew is nether the producing party nor third party and any material that she designation as Protected or confidential violation of Privacy Act (5 U.S.C. § 552a) Judge Ali signed the protected order, but stated, "Notwithstanding any language in the stipulated protective order, the parties are reminded that Local Civil Rule 5.1(h)(1) requires any party that wishes to file a document under seal to file an accompanying motion to seal. According to Judge Ali standing order, A party may not file a document under seal by relying solely on designation under a protective order.

Respectfully submitted

Date September 6, 2025

Arlo Garrison Bante, Pro Se Litigate

5000 Dartmouth Drive

Fairbanks, Alaska 99709

arlo.g.bante@gmail.com

907-799-6645