USCA Case #25-5131            Filed 12/01/25            Page 1 of 16

# UNITED STATES COURT OF APPEALS
## for the District of Columbia Circuit

|  |  |
|---|---|
| Arlo Garrison Bante,<br>　　　　Appellant<br><br>v.<br><br>Lonnie G. Bunch III, Secretary, Smithsonian Institute,<br>　　　　Appellee | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)　USCA Case #25-5131 |

### MOTION FOR INTERLOCUTORY APPEAL PURSUANT TO THE COLLATERAL ORDER DOCTRINE

COME NOW, the appellant, Arlo Garrison Bante, respectfully submit this motion to this honorable court for reconsideration and reverse its decision that grant the Appellee motion to dismiss for lack of jurisdiction. To come within the exception under Cohen, the order or decision must at a minimum "conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment. Badger-Powhatan v. United States, 808 F. 2d 823 - Court of Appeals, Federal Circuit 1986.

I.  Background:

On October 6, 2023, the EEOC Administrative Judge Zachary Wright issued Mr. Bante the federal equivalence to a right to sue letter after issuing summary judgement granting all of his claims to be timely in accordance with 29 CFR § 1614.105(a)(1). This action required the defendant to issue a Final Agency Order in accordance with 29 C.F.R. § 1614.110(a) whether or not the defendant will fully implement the decision of the Administrative judge and if not to simultaneously file an appeal to the Commission. On December 8, 2023, the defendant issued a Final Agency Action to Mr. Bante and the defendant's General Counsel, Mia Haessly, formally signing an agreement accepting the Administrative Judge's decision denying to appeal,

thereby protecting Mr. Bante claims under the doctrine of res judicata. However, the defendant never intended to honor his agreement when including a fraudulent statement in the Final Agency Action that stated, "The administrative judge did not make a decision on the merits of the complaint."

On December 28, 2023, the clerks office received and dated stamped Mr. Bante complaints, however the filing was rejected by the clerks office for failing to pay the filing fee. On January 8, 2024, the clerk's office received new copies of Mr. Bante's complaints which were officially date-stamped upon receipt, along with a new civil cover sheet and the filing fee. Only after the clerk's office received the filing fee was Mr. Bante's complaint eligible to be filed and randomly assigned to a district court judge on or after January 8, 2024, but not before this date. This is in accordance with federal law, 28 U.S.C. § 1914(a), the clerk of each district court shall require the parties instituting any civil action, suit, or proceeding in such court—whether by original process, removal, or otherwise—to pay the prescribed filing fee established by the Judicial Conference of the United States. However, instead of randomly assigned a judge on January 8, 2024 or afterwards as required by the Local Rules, the district court scanned Mr. Bante December 28, 2023 complaint into the docket sheet affixed with an assignment label showing that Judge Mehta had be assigned the case on that day, when the filing fee had not be paid.

Unknown to Mr. Bante at that time, when the district court retroactive assigned Judge Mehta to his case, Judge Mehta was currently presiding over a related case, involving the same defendant Lonnie Bunch. See. Burlack v. Bunch Case No. 1:23-cv-02032. This violated Local Rule 40.5(b)(2) which provide only the plaintiff the right to notify the clerks office of any related cases in order to assigned a single judge to both cases. It was not until June 2025 that Mr. Bante discovered on his own accord of this related case without any intention to notify Mr. Bante by Judge Mehta, the courtroom deputy, operation administrator, the defendant, the assistant US attorney or the department of justice in violation of Local Rule 40.5(b)(3).

Whenever an attorney for a party in a civil action becomes aware of the existence of a

related case or cases, the attorney shall immediately notify, in writing, the judges on whose calendars the cases appear and shall serve such notice on counsel for all other parties. Upon receiving information from any source, including the judge, concerning a relationship between pending cases, the Clerk shall transmit that information in writing to the judges on whose calendars the cases appear and to all parties to the proceeding.

This was only discovered after Judge Mehta issuing his orders granting the defendant's motion to dismiss by concluding the Mr. Bante claims were merely the "tactless and ill-mannered" but "<u>isolated</u>" mistreatment received by the defendant. However, Judge Mehta dishonest statement revealed Burlack v. Bunch, a related case involving the same defendant, nature of suit, cause of action, overlapping facts and theories, and specify the defendant accessing Native American employee payroll records intending to commit federal payroll fraud and compensation discrimination as an adverse action associated with the defendant's fabricated incident of unexcused absences.

It has become a standard practice within the district court and clerk's office to violate the Local Rules and compromise the integrity of the random judge assignment process by segregating pro se litigants from those represented by counsel when assigning district court judges. At the time of filing, when a litigation has access to the CM/ECF through counsel the complaint can be electronic filed directly into the docket sheet filing. The Case Administrator in the clerk office will then assign a case number and process the complaint through the Automated Case Assignment System that will randomly select the judge among the active judges. Once completed the system will automatically enter and display the assigned judge with the initial of the case administrator directly into the docket sheet which can not be altered in order to verify that the the Automated Case Assignment System was used once. This procedural requirement is reflected in Local Rule 40.3(a)(2), that, "At the time a civil complaint is filed <u>the case shall be assigned to the judge whose name appears on the screen</u> when the appropriate deck is selected.

The Case Management software (CM/ECF) depends on the Automated Case Assignment System posting the assigned judge into the docket sheet filing as both system are integrated in order to track individual judge's cases from the initial filing to final judgement, manages judicial workloads and court dates, compiling courtroom statistics, to ensuring equitable distribution of cases among active judges when randomly assigning judge using the Automated Case Assignment System, and detect and flag related cases pending in district court at the time of filing and during the judicial process.

The clerks office changes it procedure when assigning a judge to a Pro Se compliant as in Mr. Bante case. No court employee may number or assign any case other than in the manner provided in these local rules or in the manner ordered by the "Calendar and Case Management" Committee. Local Rule 40.9(a). It has become standard practice at the district court when assigning a judge to a Pro Se litigation to apply a assignment label to the complaint showing the case number the date of when the assigned judge was selected and description of the nature of suit and cause of action found in the civil cover sheet. This assignment label does not show evidence that the Automated Case Assignment System was used or how many times it was used as nothing is posted into the docket sheet. Once the case administrator printed the assignment label, the compliant is provided to the Operation Administrator to be uploaded and in Mr. Bante case the Operation Administrator directly worked with Judge Mehta. This overt act of concealing the clerks identity is in violated Local Rule 40.1(b), The assignment of cases to judges of this Court shall be performed by the Clerk of the court (not by the Operation Administrative) under the direction of the Calendar and Case Management Committee. The local rule nor the Judicial Conference of the United States allow for assignment labels to indicate the assigned judge which can be easily manipulated and reproduced with the use of any copying machine. The Case Management software can not recognized scan information disabling the tracking function that detect related case pending in district court. This does trick down to adverse effort how courtroom statistics is compiling and altered how the case are randomly and evenly distribution among judges. Chief Justice John Roberts has stated that the

principle of random case assignment is "important to public confidence in the courts." Brennan Center for Justice. "Judge Shopping Explained." *Brennan Center for Justice*. Published February 27, 2025.

The Local Rules nor the Judicial Conference of the United States provide the clerks office with the ability to back-date or retroactively a judge assigned. In according to Federal Law, 28 U.S.C. § 1914(a), the clerk of each district court shall require the parties instituting any civil action, suit, or proceeding in such court—whether by original process, removal, or otherwise—to pay the prescribed filing fee, as established by the Judicial Conference of the United States. Instead of randomly assigned the judge on or after January 8, 2024 when the filing fee had been paid, the clerks office had the operation administrative scan Mr. Bante's December 28, 2023 withheld complaint into the docket sheet with the assigned label to retroactive assigned the his case to Judge Mehta. Mr. Bante case was not randomly assigned but was predetermined at the time of filing to be assigned to judge Mehta while he was currently assigned to a related case involving the same defendant, Lonnie Bunch. The assignment label conceal the case from the Case Management software to disable the related case detection.

Prior to Mr. Bante filing his complaint in district court the defendant, Smithsonian's general Counsel Mia Haessly and Assistant US attorney Kaitlin Eckrote  premeditated a scheme to commit fraud upon the court use the fraudulent statement made in the Smithsonian's Final Agency Action and spoilage of evidence when destroying Mr. Bante personal file containing his payroll records anticipating for Judge Mehta to issue a protective order under the Privacy Act, 5 U.S.C. § 552a, et seq that was granted in Burlack v. Bunch. This plan center around have a singly judge assigned to related case in order to avoid a duplication of judicial effort, making it so that the protective had to be issued in Mr. Bante. In order to protect themself from allegation of fraud upon the court, the protection order would allow for the defendant to withhold evidence without the consent of the individual and/or agency, however this meant that they would need to release Mr. Bante payroll records to him as they

were important to his claims of hostile work environment, retaliation under fair labor standard act, pretextual and wrong termination claims, retaliation claim and compensation discrimination claims which lead to the defendant deleting the records from the Smithsonian's electronically stored database which the Assistant US attorney Kaitlin Eckrote admitted to in an email.

Judge Shopping occurred in Mr. Bante case when the Assistant US Attorney submit the defendant's initial motion to dismiss instructing Judge Mehta not to issue summary judgement when submitting the EEOC charges and the agency's determination, Final Agency Act, within the response motion to Mr. Bante's opposition motion. The defendant, Lonnie Bunch and Assistant US attorney Kaitlin Eckrote had to trust that Judge Mehta would not to issue summary judgement when submitting the defendant's agency determination in evidence which was written by the defendant. The defendant and Assistant US Attorney knew that evidence being submitting to the district court was fraudulent and instructed Judge Mehta not to follow federal rule of civil procedure 12(b)(d) as this would expose the defendant and Assistant US Attorney for fraud upon the court as EEOC administrative hearing records would be unable to support the defendant fraudulent evidence. When Judge Mehta granted the defendant's motion to dismiss it was based on the fraudulent agency determination written by the defendant.

During the EEOC Administrative hearing, the Administrative Judge dismissed the Smithsonian's general counsel Mia Haessly argument that Mr. Bante complaint was made untimely as 50 days before the initial contact with the SI EEO counsel occurred on July 13, 2022, Mr. Bante needed to contact the EEO counsel before May 29, 2022 to have a timely filing. To affirm this decision, the Administrative Judge issued summary judgement to inform the defendant that all of Mr. Bante claims were timely. On December 8, 2023, according to the final agency action, the defendant signed an agreement not to appeal any decision makes during the EEOC administrative hearing. On May 10, 2024, According to the Assistant US attorney Initial Motion to dismiss, the same dismissed argument was made again. Mr. Bante opposition motion address this argument informing judge Mehta that this was not true. August

7, 2023, the Assistant US attorney submitting the final agency act, that stated the Administrative judge did not make a decision on the merits of the complaint and recycling the SI general counsel Mia Haessly argument again. On March 17, 2025, according to Judge Mehta order, he stated, "The court agrees that any discrete claim of discrimination or retaliation, under either Title VII or the Rehabilitation Act, is time-barred if based on an event occurring before May 29, 2022."

According to the defendant's motion to dismiss for lack of jurisdiction, the Assistant US attorney Kaitlin Eckrote argues that due to the having remaining claims no final judgement has been made. However, the remaining claims occurred before May 29, 2022. As this can see the Fraud Upon the Court didn't stop with Judge Mehta accepting the fraudulent evidence but now Mr. Bante has to deal with the results of the defendant and Assistant US Attorney fraud upon the court.

According to Local Rule 40.9(b), No person shall directly or indirectly cause, or procure, or attempt to cause or procure, a court officer or employee to reveal to any person the sequence of the judges' names within the automated case assignment system, nor to number or assign any case otherwise than in the manner provided in these local rules or as ordered by the Calendar and Case Management Committee. The job duties that the operation administrator for Judge Mehta is to coordinate with attorney at the Department of Justice for admission to the court, accepted filing fees and issue receipts. At the moment the Operation Administrator and Supervisor have refused to provide me with the receipt for my filing fee to show that the date of filing occurred on January 8, 2024. Furthermore, without the identity of the case administrative it is plausible to conclude that Operation Administrator printed the assignment label. In fact, in this cases, judge shopping allows a party to choose a judge who has already ruled for a party in nearly identical claims. Judge shopping also influences the way the facts are developed in cases, as trial courts exercise broad discretion in excluding, discounting, or crediting evidence. If the district court identifies any hidden local rules or internal policies on judicial assignments that diverge from the published local rules, such rules

or policies cannot be accepted or enforced. Such changes require a formal vote to amend the local rules and must be published in *The Daily Washington Law* for public comment, in accordance with Local Rule 1.1(b).

II. <u>Summary of Argument</u>:

Direct evidence conclusively establishes that at the time of filing, Mr. Bante's case was retroactively assigned to Judge Mehta to circumvent the random case assignment system, while the filing fee had not yet been paid, in order to assigned a single judge to related cases pending in district involving the same defendant in clear violating Local Rules and Federal Law, 28 U.S.C. § 1914(a).

This appeal concerns the protection of the integrity of the random judge assignment system from the district court and the fundamental due right of all litigants—particularly pro se parties—to an impartial judicial assignment free of deliberate human interference, procedural manipulations, and judge shopping that undermine these core procedural safeguards. This issue presents a controlling question of law that is collateral and independent from the merits of the underlying case, falls within the purview of the collateral order doctrine, and warrants immediate appellate review to prevent irreparable harm to the fairness and administration of justice.

Post-judgment review will be inadequate to remedy the violations at issue because the prejudice to fairness, impartiality, and due process arises at the moment of judge assignment and is irreparable thereafter. Once a case proceeds under a judicial assignment secured through deliberate procedural manipulation or judge shopping, the taint cannot be undone or fully rectified on appeal following final judgment. Allowing review only after final judgment would permit systemic infringements on the integrity of the judicial process to persist unchecked, resulting in irreparable harm to the plaintiff's substantive rights and undermining public confidence in the administration of justice. Accordingly, immediate interlocutory review is

necessary and justified under the collateral order doctrine to prevent these irreversible consequences.

Respectfully submitted,

*Arlo Bante*

December 1, 2025

Arlo Garrison Bante, Pro Se

5000 Dartmouth Drive

Fairbanks, Alaska 99709

arlo.g.bante@gmail.com

907-799-6645





Case 1:23-cv-03937-APM   Document 1   Filed 12/28/23   Page 1 of 13

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

Arlo Garrison Bante,
5000 Dartmouth Drive
Fairbanks, Alaska 99709
(907) 799-6645

Plaintiff,

v.

Lonnie G. Bunch, III, Secretary,
Smithsonian Institute,
600 Maryland Ave., SW
Washington, D.C. 20002

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case: 1:23-cv-03937 JURY DEMAND
Assigned To : Mehta, Amit P.
Assign. Date : 12/28/2023
Description: Employ. Discrim. (H-DECK)

CIVIL ACTION NO.:_____( )

DEMAND FOR JURY TRAIL

RECEIVED
Mail Room
DEC 2 8 2023
Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

Edge of the sticker

## COMPLAINT

Plaintiff Arlo Garrison Bante ("Mr. Bante" or "Plaintiff") brings this action against Defendant Lonnie G. Bunch, III ("Mr. Bunch" or "Defendant") in his official capacity as Secretary of the Smithsonian, to redress violations of the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq., and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C.§ 2000e et seq., as amended.

### JURISDICTION AND VENUE

1. Federal question subject matter jurisdiction is proper pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. § 1988.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391. The acts and omissions alleged herein occurred within this judicial district.

3. Mr. Bante has exhausted all his administrative remedies.

Page 1 of 14

Case 1:23-cv-03937-APM     Document 1-2     Filed 12/28/23     Page 1 of 2

# CIVIL COVER SHEET

JS-44 (Rev. 11/2020 DC)

## I. (a) PLAINTIFFS
ARLO GARRISON BANTE,
5000 Dartmouth Drive
Fairbanks, Alaska 99709

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

## DEFENDANTS
LONNIE G. BUNCH, III, SECRETARY, SMITHSONIAN INSTITUTE,
600 Maryland Ave., SW
Washington, DC 20002

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT District of Colum
(IN U.S. PLAINTIFF CASES ONLY)

ATT
Case: 1:23-cv-03937 JURY DEMAND
Assigned To : Mehta, Amit P.
Assign. Date : 12/28/2023
Description: Employ. Discrim. (H-DECK)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ⊙ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○1 | ○1 | Incorporated or Principal Place of Business in This State | ○4 | ○4 |
| Citizen of Another State | ○2 | ○2 | Incorporated and Principal Place of Business in Another State | ○5 | ○5 |
| Citizen or Subject of a Foreign Country | ○3 | ○3 | Foreign Nation | ○6 | ○6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place an X in one category, A-N, that best represents your Cause of Action and one in a corresponding Nature of Suit)

○ A. Antitrust
- ☐ 410 Antitrust

○ B. Personal Injury/Malpractice
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☐ 365 Product Liability
- ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Product Liability

○ C. Administrative Agency Review
- ☐ 151 Medicare Act

Social Security
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ E. General Civil (Other)     OR     ○ F. Pro Se General Civil

**Real Property**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**Personal Property**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**Bankruptcy**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Conditions
- ☐ 560 Civil Detainee – Conditions of Confinement

**Property Rights**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent – Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016 (DTSA)

**Federal Tax Suits**
- ☐ 870 Taxes (US plaintiff or defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**Other Statutes**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC 3729(a))
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc
- ☐ 460 Deportation
- ☐ 462 Naturalization Application

- ☐ 465 Other Immigration Actions
- ☐ 470 Racketeer Influenced & Corrupt Organization
- ☐ 480 Consumer Credit
- ☐ 485 Telephone Consumer Protection Act (TCPA)
- ☐ 490 Cable/Satellite TV
- ☐ 850 Securities/Commodities/Exchange
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act)

**Filing Date** → JAN 1 0 2024    ③

Case 1:23-cv-03937-APM   Document 1-2   Filed 12/28/23   Page 2 of 2

**(H-DECK)**

| | | | |
|---|---|---|---|
| ○ ~~G~~ 2255<br>☐ 530 Habeas Corpus – General<br>☐ 510 Motion/Vacate Sentence<br>☐ 463 Habeas Corpus – Alien Detainee | ◉ **H. Employment Discrimination**<br>☒ 442 Civil Rights – Employment (criteria: race, gender/sex, national origin, discrimination, disability, age, religion, retaliation)<br>*(If pro se, select this deck)* | ○ **I. FOIA/Privacy Act**<br>☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br>*(If pro se, select this deck)* | ○ **J. Student Loan**<br>☐ 152 Recovery of Defaulted Student Loan (excluding veterans) |
| ○ **K. Labor/ERISA (non-employment)**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 740 Labor Railway Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ○ **L. Other Civil Rights (non-employment)**<br>☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 440 Other Civil Rights<br>☐ 445 Americans w/Disabilities – Employment<br>☐ 446 Americans w/Disabilities – Other<br>☐ 448 Education | ○ **M. Contract**<br>☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ○ **N. Three-Judge Court**<br>☐ 441 Civil Rights – Voting (if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Ap~~~~   ○ 4 Reinstated   ○ 5 Transferred   ○ 6 Multi-district   ○ 7 Appeal to District Judge from Mag. Judge   ○ 8 Multi-district Litigation – Direct File

**Cause of Action: Employ Discrim**

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; the Rehabilitation Act of 1973, 29 U.S.C. § 701 et seq.

| VII. REQUESTED IN COMPLAINT | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | DEMAND $<br>JURY DEMAND: | Check YES only if demanded in complaint<br>YES ☒   NO ☐ |
|---|---|---|---|
| **VIII. RELATED CASE(S) IF ANY** | (See instruction) | YES ☐   NO ☒ | If yes, please complete related case form |

DATE: _____   SIGNATURE OF ATTORNEY OF RECORD _____

---

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and services of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the cover sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff if resident of Washington, DC, 88888 if plaintiff is resident of United States but not Washington, DC, and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of the case.

VI. CAUSE OF ACTION: Cite the U.S. Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASE(S), IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

| Date Filed | # | Docket Text |
|---|---|---|
| 12/28/2023 | 1 | COMPLAINT against LONNIE G. BUNCH III ( Filing fee $ 405, receipt number 206381) with Jury Demand filed by ARLO GARRISON BANTE. (Attachments: # 1 Exhibit, # 2 Civil Cover Sheet)(mg) (Entered: 01/11/2024) |
| 01/10/2024 | | SUMMONS (3) Issued as to LONNIE G. BUNCH III, U.S. Attorney and U.S. Attorney General. (mg) (Entered: 01/11/2024) |
| 01/22/2024 | 2 | AMENDED COMPLAINT against LONNIE G. BUNCH, III with Jury Demand filed by ARLO GARRISON BANTE.(mg) (Entered: 01/25/2024) |
| 01/22/2024 | 3 | MOTION to Appoint Counsel by ARLO GARRISON BANTE. (mg) (Entered: 01/25/2024) |
| 01/22/2024 | 4 | MOTION for CM/ECF Password by ARLO GARRISON BANTE. (mg) (Entered: 01/25/2024) |
| 02/02/2024 | 5 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 2/1/2024., RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 1/26/2024. ( Answer due for ALL FEDERAL DEFENDANTS by 3/26/2024.), RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. LONNIE G. BUNCH, III served on 1/26/2024 (mg) (Entered: 02/06/2024) |
| 02/05/2024 | | MINUTE ORDER. The court denies without prejudice Plaintiff's 4 Motion for CM/ECF Password as it failed to comply with Local Civil Rule 5.4. To cure, Plaintiff must certify either that he has successfully completed the Clerks Office on-line tutorial or has been permitted to file electronically in other federal courts. Signed by Judge Amit P. Mehta on 02/05/2024. (lcapm1) (Entered: 02/05/2024) |
| 02/05/2024 | 6 | ERRATA by ARLO GARRISON BANTE re 5 Summons Returned Executed as to U.S. Attorney General, Summons Returned Executed as to US Attorney, Summons Returned Executed as to Federal Defendant. (mg) (Entered: 02/07/2024) |
| 02/08/2024 | 7 | MOTION for CM/ECF Password by ARLO GARRISON BANTE. (mg) (Entered: 02/09/2024) |
| 02/09/2024 | | MINUTE ORDER granting Plaintiff's 7 Motion for CM/ECF Password. Plaintiff Arlo Garrison Bante is hereby approved to access the court's electronic case management system. Plaintiff shall be responsible for monitoring his e-mail account and upon receipt of notice of an electronic filing, for retrieving the noticed filing. Signed by Judge Amit P. Mehta on 02/09/2024. (lcapm1). (Entered: 02/09/2024) |
| 03/13/2024 | 8 | NOTICE of Appearance by Kaitlin Kerry Eckrote on behalf of LONNIE G. BUNCH, III (Eckrote, Kaitlin) (Entered: 03/13/2024) |
| 03/18/2024 | 9 | MOTION for Extension of Time to File Answer re 2 Amended Complaint by LONNIE G. BUNCH, III. (Attachments: # 1 Text of Proposed Order)(Eckrote, Kaitlin) (Entered: 03/18/2024) |
| 03/19/2024 | | MINUTE ORDER granting Defendant's 9 Motion for Extension of Time. Defendant shall have through and including May 10, 2024, to respond to the Complaint in this action. Signed by Judge Amit P. Mehta on 03/19/2024. (lcapm1) Modified to edit event title on 3/19/2024 (hmc). (Entered: 03/19/2024) |
| 03/19/2024 | | Set/Reset Deadlines: Response to Complaint due by 5/10/2024. (hmc) (Entered: 03/19/2024) |
| 03/20/2024 | 10 | RESPONSE re 9 MOTION for Extension of Time to File Answer re 2 Amended Complaint *Motion to Oppose Defendant Motion for Extension of Time* filed by ARLO GARRISON BANTE. (Attachments: # 1 Text of Proposed Order Judge's Proposed Order)(BANTE, ARLO) (Entered: 03/20/2024) |

*Operation Administrator not a clerk for the court* [annotation pointing to "(mg)" entries]

| Date Filed | # | Docket Text |
|---|---|---|
| 07/14/2023 | 1 | COMPLAINT against LONNIE G. BUNCH, III with Jury Demand ( Filing fee $ 402 receipt number ADCDC-10207846) filed by Glenn Burlack. (Attachments: # 1 Summons, # 2 Summons, # 3 Summons, # 4 Civil Cover Sheet)(Johnson, Nathaniel) (Entered: 07/14/2023) |
| 07/17/2023 |   | Case Assigned to Judge Amit P. Mehta. (zcb) (Entered: 07/17/2023) |
| 07/18/2023 | 2 | SUMMONS (3) Issued Electronically as to LONNIE G. BUNCH, III, U.S. Attorney and U.S. Attorney General (Attachments: # 1 Notice and Consent)(zljn) (Entered: 07/18/2023) |
| 07/25/2023 | 3 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 7/18/2023. Answer due for ALL FEDERAL DEFENDANTS by 9/16/2023. (Johnson, Nathaniel) (Entered: 07/25/2023) |
| 09/12/2023 | 4 | NOTICE of Appearance by B. Kathryn Debrason on behalf of LONNIE G. BUNCH, III (Debrason, B.) (Entered: 09/12/2023) |
| 09/18/2023 | 5 | ANSWER to Complaint by LONNIE G. BUNCH, III.(mg) (Entered: 09/20/2023) |
| 09/20/2023 | 6 | ORDER setting an Initial Scheduling Conference for October 27, 2023, at 9:00 a.m. via video conference before Judge Amit P. Mehta. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 9/20/23. (lcapm2) (Entered: 09/20/2023) |
| 10/20/2023 | 7 | MEET AND CONFER STATEMENT. (Truong, John) (Entered: 10/20/2023) |
| 10/27/2023 |   | Minute Entry for proceedings held before Judge Amit P. Mehta: Initial Scheduling Conference held via videoconference on 10/27/2023. (Court Reporter: Sara Wick) (zjd) (Entered: 10/27/2023) |
| 10/27/2023 | 8 | ORDER setting the following schedule for further proceedings in this matter: the parties shall submit their initial disclosures, as required under Rule 26(a)(1), on or before December 1, 2023; the deadline for joinder of parties and amendment of pleadings is January 25, 2024; the parties shall submit a Joint Status Report regarding the status of discovery on February 14, 2024; discovery shall conclude on June 3, 2024; and a Post-Discovery Status Conference is set for June 10, 2024, at 10:00 a.m. via videoconference. See the attached Order for additional details. Signed by Judge Amit P. Mehta on 10/27/23. (lcapm2) (Entered: 10/27/2023) |
| 11/20/2023 | 9 | NOTICE OF SUBSTITUTION OF COUNSEL by Tabitha Bartholomew on behalf of LONNIE G. BUNCH, III Substituting for attorney John Truong (Bartholomew, Tabitha) (Entered: 11/20/2023) |
| 02/14/2024 | 10 | Joint STATUS REPORT by LONNIE G. BUNCH, III. (Bartholomew, Tabitha) (Entered: 02/14/2024) |
| 03/04/2024 | 11 | Joint MOTION for Protective Order by LONNIE G. BUNCH, III. (Bartholomew, Tabitha) (Entered: 03/04/2024) |
| 03/04/2024 | 12 | ORDER granting the parties' 11 Joint Motion for Protective Order and entering the Stipulated Protective Order. See attached Order for additional details. Signed by Judge Amit P. Mehta on 3/4/24. (lcapm2) (Entered: 03/04/2024) |

Annotations on image:
- Automated Case Assignment System entering and displaying the judge Assignment
- (z) Clerks Office's Case Administrator Initials

| Date | # | Docket Text |
|---|---|---|
| 01/25/2024 | 18 | Clerk's Letter to the United States District Court for the District of Columbia: Transfer Letter. Service as of this date by the Clerk of Court. 979256 [ALK] [Transferred from USCA Federal Circuit on 1/25/2024.](znmw) (Entered: 02/20/2024) |
| 02/20/2024 | 19 | Case transferred in from USCA for the Federal Circuit Case Number 23-2240. Original file certified copy of transfer order and docket sheet received.(znmw) (Entered: 02/20/2024) |
| 02/26/2024 | | MINUTE ORDER granting 5 Plaintiff's Motion for Leave to Proceed in forma pauperis. The Clerk shall assign this case randomly to a district judge for further proceedings. SO ORDERED. Signed by Judge Rudolph Contreras on 2/26/2024. (psu1) (Entered: 02/26/2024) |
| 07/24/2024 | | Case Assigned to Judge Randolph D. Moss. (znmw) (Entered: 07/24/2024) |
| 07/25/2024 | | Automated Case Assignment [System being used] has been [direct app...] [Initial of the Clerk office's case administrative] U.S. Court for the Federal Circuit. In [...]ion, Plaintiff did not file a complaint in accordance with the Federal Rules of C[...] [...]rdingly, Plaintiff is hereby ORDERED to file a complaint that complies with Federal Rule of Civil Procedure 8(a) on or before August 30, 2024. Rule 8(a) requires that a complaint contain (1) "a short and plain statement of the grounds for |

| Date Filed | # | Docket Text |
|---|---|---|
| 08/05/2024 | 1 | COMPLAINT against NATIONAL RAILROAD PASSENGER CORP. with Jury Demand ( Filing fee $ 405 receipt number ADCDC-11070905) filed by David Bux. (Attachments: # 1 Civil Cover Sheet, # 2 Summons)(Thompson, Nicholas) (Entered: 08/05/2024) |
| 08/05/2024 | 2 | NOTICE OF [At the time of filing, plaintiff informing the clerk office of a related case] T by David Bux re 1 Complaint (T |
| 08/05/2024 | 3 | NOTICE OF RELATED CASE by David Bux. Case related to Case No. 1:23-CV-02948. (Thompson, Nicholas) (Entered: 08/05/2024) |
| 08/06/2024 | | Case Assigned to Judge Christopher R. Cooper. (zmtm) (Entered: 08/06/2024) |
| 08/06/2024 | 4 | SUMMONS (1) Issued Electronically as to NATIONAL RAILROAD PASSENGER CORP.. ( Attachments: # 1 Notice and Consent)(zmtm) (Entered: 08/06/2024) |
| 08/13/2024 | 5 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. NATIONAL RAILROAD PASSENGER CORP. served on 8/8/2024, answer due 8/29/2024 (Thompson, Nicholas) Modified on 8/15/2024 to correct date served and answer date (zjm). (Entered: 08/13/2024) |